UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REYNAL L. CALDWELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:13CV54 CDP |
| ALAN E. DEWOSKIN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Reynal Caldwell has sued his ex-wife and her attorney for allegedly violating the automatic stay provision, 11 U.S.C. § 362, by continuing an action for maintenance and other payments arising out of their divorce after plaintiff filed for Chapter 13 bankruptcy. Pending before me now is the defendants' motion to dismiss this case or refer it to the bankruptcy court. For the reasons stated below, I agree with the defendants that this action should be transferred to the bankruptcy court as a case "arising under" Title 11 of the United States Code.

Federal district courts have original and exclusive jurisdiction over bankruptcy cases. *See* 28 U.S.C. § 1334(a). Under 28 U.S.C. § 157, each district court is empowered to automatically refer certain categories of cases to "the bankruptcy judges for that district." Those categories of cases are limited to: those that "arise under title 11," those that "arise in cases under title 11," and those

"related to cases under title 11." *Id.*; *see also In re Farmland Indus., Inc.*, 296 B.R. 793, 802 (B.A.P. 8th Cir. 2003). The District Court for the Eastern District of Missouri has made such a referral. *See* Local Rule 81-9.01(B)(1). Therefore, if this action is one that "arises under" Title 11, it may be referred to the bankruptcy court for this district.

A case arises under Title 11 if it invokes a "substantive right created by bankruptcy law." *Farmland Indus.*, 296 B.R. at 803; *see also Nat'l City Bank v. Coopers & Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 445-46) ("arising under" jurisdiction includes "any matter under which a claim is made under a provision of Title 11").

In this case, plaintiff Caldwell seeks various forms of relief for the defendants' willful violation of the automatic stay provision, 11 U.S.C. § 362.[1] A debtor's right to an automatic stay is created by a provision of Title 11 and therefore "arises under" Title 11. *Accord In re Hutchins*, 211 B.R. 319, 321 (Bankr. E.D. Ark. 1997) (where debtor filed Chapter 13 bankruptcy petition, then

---

[1] Caldwell also appears to seek relief for the defendants' violation of the "order of relief" entered by the Bankruptcy Court in his favor. (Compl., p. 13, Request for Relief (a)). To the extent this is a separate cause of action, the phrase "order for relief" is defined in 11 U.S.C. § 301 and refers merely to the commencement of a voluntary petition for bankruptcy. *In re Martinson*, 731 F.2d 543, 545 n.3 (8th Cir. 1984). To the extent Section 301 conveys any rights, they also arise under Title 11.

filed suit alleging violation of the automatic stay, case "arose under" Title 11 as a cause of action created by Title 11).

Plaintiff Caldwell argues that this case should not be referred to the bankruptcy court because there is no pending bankruptcy case. This is not relevant to the question of whether a case "arises under Title 11" and does not affect the operation of 28 U.S.C. § 157 or Local Rule 9.01(B)(1). Caldwell cites no authority in support of his proposition that there must be an open bankruptcy case for a bankruptcy court to have jurisdiction of a proceeding arising under Title 11. The bankruptcy court and bankruptcy judge who presided over Caldwell's bankruptcy case,[2] would be best equipped to determine whether the defendants violated the automatic stay. As such, I will suggest to the Bankruptcy Clerk that this case be directed to Judge Schermer for resolution.

Caldwell has also moved to amend his surresponse to the defendants' motion. The defendants oppose Caldwell's motion as improper and take issue with the substance of some of his amendments. None of the proposed amendments affect Caldwell's argument on the issues I have addressed above, so I will deny his motion as moot.

Accordingly,

---

[2] *In re Caldwell*, 4:10BK49337 (Bankr. E.D. Mo.) (filed Aug. 17, 2010).

**IT IS HEREBY ORDERED** that defendants' motion to dismiss and refer proceedings to bankruptcy court [#11] is granted in part and denied in part. Pursuant to 28 U.S.C. § 157 and Local Rule 9.01(B)(1), this action is referred to the United States Bankruptcy Court for the Eastern District of Missouri for further proceedings.  I suggest that the case be assigned to the Honorable Barry Schermer, who presided over Case No. 4:10BK49337, unless the Bankruptcy Court believes assignment to another judge is more appropriate.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct surresponse to motion [#19] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of January, 2014.